UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-20522-CMA

UNITED STATES OF AMERICA

v.

BRYAN DENEUMOSTIER,

    Defendant.

_____/

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Attached, please find a copy of any written statements made by the Defendant. Additional audio statements made by the Defendant were seized from the Defendant's computer and electronic storage devices. These devices are maintained at the Office of Homeland Security Investigations and are available to be viewed upon request by defense counsel.

    2. That portion of the written record containing the substance of any oral statement made by the Defendant before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent is attached.

    3. The Defendant did not testify before the Grand Jury.

    4. The NCIC record of the Defendant, if any exists, will be made available upon receipt by this office.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, are attached to this response to the extent practicable but not filed with the Court. Other items, including items seized as a result of a search of Defendant's residence, and additional items that

1

may become available at a later date, may be inspected at a mutually convenient time at the Office of HSI in Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No Defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the Defendant's past criminal activity that has resulted in arrests and/or

|      |      |
|------|------|
|      | convictions and which is summarized in the attached court documents. |
| I.   | The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.   | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case. |
| K.   | No controlled substance is involved in this indictment. |
| L.   | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.   | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant. |
| N.   | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O.   | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.   | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the Defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

DATE: See Indictment
TIME: See Indictment
LOCATION: See Indictment

Physical discovery has been sent to Defendant's counsel of record on August 3 and August 6, 2018. The Government will file an unopposed motion seeking a protective order

regulating the use of discovery. The discovery provided, as indicated above, is bates numbered 00001-00610. One folder, entitled HSI documents, includes notes taken the day of the search of defendant's residence, defendant's statements, text messages from defendant to V1 and V2, Craigslist posting made by Deneumostier, and search warrants for the residence, a computer/phone, and a computer server, among other documents. Other items provided include audio-video evidence of Deneumostier and victims obtained through the investigation.

> Respectfully submitted,
> BENJAMIN G. GREENBERG
> UNITED STATES ATTORNEY
>
> By:  */s/Cary O. Aronovitz*
> Cary O. Aronovitz
> Assistant United States Attorney
> Florida Bar No. 86425
> 99 Northeast 4th Street
> Miami, Florida 33132-2111
> Tel: (305) 961-9131
> Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered to defendant's counsel via CM/ECF on August 6, 2018.

> */s/Cary O. Aronovitz*
> Assistant United States Attorney