UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-20522-CMA

**UNITED STATES OF AMERICA**

vs.

**BRYAN DENEUMOSTIER,**

   **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Computer Crime and Intellectual Property Section of the Department of Justice ("the Prosecuting Offices") and Bryan Deneumostier ("defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to counts one and two of the indictment, which counts charge that he did use an electronic device, including an Apple iPhone and iPad, to intercept any oral communication, when defendant knew that such device had been mailed in interstate and foreign commerce, in violation of Title 18, United States, Code, Sections 2511(1)(b)(iii) and 2.

2. The Prosecuting Offices agree to seek dismissal of counts three, four, and five of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements ("Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware

that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to count one the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years.  In addition, as to count two the Court may also impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years.  These sentences of imprisonment may run consecutively, for a total sentence of ten (10) years imprisonment.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 as to each count of conviction and may order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 as to each count, for a total of $200, will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the

Prosecuting Offices and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The Prosecuting Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Prosecuting Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

7. The Prosecuting Offices agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Prosecuting Offices will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Prosecuting Offices, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense,

3

violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Prosecuting Offices and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a). Offense as to Victim 4: Although not charged in the Indictment, pursuant to U.S.S.G. § 1B1.2(c), the parties agree that Defendant is guilty of using an electronic device to intercept any oral communication as to Victim 4 on August 10, 2016 without Victim 4's knowledge or consent, when the Defendant knew that such device had been sent through the mail and transported in interstate commerce, in violation of 18 U.S.C. §§ 2511(1)(b)(iii) and 2, and that such offense conduct will be included as if establishing the commission of an additional offense and shall be treated as if the Defendant had been convicted of the additional count charging the offense. Accordingly, the Defendant's applicable offense level will increase by three levels, pursuant to U.S.S.G. § 3D1.4.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Prosecuting Offices, or the probation office, is a prediction, not a promise, and is not binding on the Prosecuting Offices, the probation office or the Court. The defendant understands further that any recommendation that the Prosecuting Offices make to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the

4

Court's decision not to accept a sentencing recommendation made by the defendant, the Prosecuting Offices, or a recommendation made jointly by the defendant and the Prosecuting Offices.

10. The defendant also agrees to assist the Prosecuting Offices in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Prosecuting Offices upon the Prosecuting Offices' request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

11. The defendant further agrees that he will make his best effort to remove from the internet any and all images, including videos and photographs, concerning the victims referenced in the Indictment. For any image or account that the defendant has created and that contains images depicting the victim, the defendant (a) hereby forfeits any rights or interest in the accounts and associated files and images, (b) hereby assigns, transfers, and grants all of his rights of copyright in and to the videos and photographs, worldwide, including but not limited to all rights of copyright under the laws of the United States, as directed by the United States Attorney's Office; and (c) will make his best efforts through his attorney to delete or otherwise remove any website or online

account under the Defendant's control that features images or videos obtained without the subjects' consent.

12. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

///

13. This is the entire agreement and understanding between the Prosecuting Offices and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 9/20/18        By: _____
                          CARY O. ARONOVITZ
                          ASSISTANT UNITED STATES ATTORNEY

Date: 9/20/18        By: _____ For
                          MONA SEDKY
                          DOJ SENIOR TRIAL ATTORNEY

Date: 9/20/18        By: _____
                          D'ARSEY HOULIHAN III
                          ATTORNEY FOR DEFENDANT

Date: 9/20/18        By: _____
                          BRYAN DENEUMOSTIER
                          DEFENDANT